UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY KNAPP, | No.  2:16-cv-2983 JAM CKD P |
| Petitioner, | |
| v. | ORDER |
| UNKNOWN, | |
| Respondent. | |

    Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

    Petitioner challenges his 1992 conviction for sexual assault, for which he was sentenced to a prison term of 98 years. (ECF No. 1 at 3.) His pleading, which runs to 770 pages including attachments, was first filed in the Ninth Circuit Court of Appeals as a "petition for judicial clemency or other possible remedies." (See ECF No. 3.) The Ninth Circuit transferred it to the district court as an application for writ of habeas corpus. (Id.)

    There are several problems with the petition. First, petitioner has not submitted this district's form for prisoner habeas actions, which would inform the court whether he has filed

other federal lawsuits or exhausted state remedies as to his claims. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

Second, petitioner states that he filed a federal habeas petition in 2008. (ECF No. 1 at 4.) Thus it appears the petition may be successive, challenging "the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. Burton v. Stewart, 549 U.S. 147, 153 (2007). Before filing a successive petition in district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). On the current record, the court cannot determine whether the bar to unauthorized successive petitions is applicable here.

Third, Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error." Rule 4, Advisory Committee Notes, 1976 Adoption; see Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Here, the petition does not meet the pleading requirements of Rule 2(c).

For these reasons, the petition will be dismissed. Petitioner will be granted thirty days to file an amended petition, accompanied by the district's habeas form, that complies with Rule 2(c) and all other applicable rules. To clarify what claims he seeks to bring under § 2254, petitioner may attach his state court briefs and/or state court decisions on those claims.

In accordance with the above, IT IS HEREBY ORDERED that:

 1. Petitioner's request for leave to proceed in forma pauperis is granted;

 2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[1]

---

[1] By setting this deadline, the court is making no finding or representation that the petition is not subject to dismissal as untimely.

      3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition," and failure to timely amend will result in dismissal of this action; and

      4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

Dated: January 30, 2017

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / knap2983.R2(c)